**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| REGINALD TYRELL CLEA, #209021, | ) CIVIL ACTION NO. 9:13-817-JFA-BM ) ) |
| Petitioner, | ) ) |
| v. | ) **REPORT AND RECOMMENDATION** ) ) |
| WARDEN OF KIRKLAND CORRECTIONAL INSTITUTION, | ) ) ) ) |
| Respondent. | ) ) |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on March 27, 2013.

The Respondent filed a return and motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on August 14, 2013. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on August 19, 2013, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case. Petitioner thereafter filed a memorandum in opposition to summary judgment on September 13, 2013.

This matter is now before the Court for disposition.[1]

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for
(continued...)



## Procedural History

Petitioner was indicted in the October 2004 term of the Sumter County Grand Jury on two (2) counts of murder and one count of possession of a weapon during the commission of a violent crime. [Indictment No. 04-GS-43-956]. See Court Docket No. 21-1. Petitioner was represented by John D. Clark, Esquire. After a trial by jury on May 2-5, 2005, Petitioner was found guilty of the murder of James C. Pollard and of the weapon charge, but was acquitted of the murder of John C. Jackson. (R.pp. 94, 841-842). Petitioner was sentenced to thirty (30) years imprisonment for murder and five (5) years, concurrent, on the weapon conviction. (R.p. 856).

Petitioner timely filed an appeal. Petitioner was represented on appeal by Chief Attorney Joseph L. Savitz of the South Carolina Commission on Indigent Defense, who raised the following issue:

> The trial judge committed reversible error by refusing to instruct the jury on the lesser-included offense of voluntary manslaughter.

See Court Docket No. 21-7, p. 4.

On December 14, 2007, the South Carolina Court of Appeals affirmed Petitioner's convictions and dismissed the appeal. State v. Clea, Op. No. 2007-UP-552. The Remittitur was sent down on January 2, 2008. See Court Docket No. 21-9.

Petitioner then filed an Application for Post Conviction Relief ("APCR") in state circuit court on August 7, 2008. Clea v. State of South Carolina, No. 2008-CP-43-1858. (R.pp. 15-21). Petitioner raised the following issues in his APCR:

---

[1](...continued)
all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



**Ground One:** The trial judge erred by giving the jury a burden shifting instruction at trial;

**Ground Two:** Judge erred for failing to instruct on the lesser included offense;

**Ground Three:** The State failed to prove beyond a reasonable doubt that defendant did not act in self-defense.

(R.p. 16). See also (R.p. 21).

Petitioner was represented in his APCR by Ernest A. Finney, Esquire. A conditional order was issued to show cause why the action should not be summarily dismissed for failure to state a claim upon which relief could be granted,[2] (R.pp. 9-12), following which Petitioner filed an amended application on March 18, 2009 (dated March 17, 2009) alleging ineffective assistance of appellate counsel:

> Trial counsel objected to and preserved in the record the trial court's jury instructions on the issue of "permissive inference" of malice where there is use of a deadly weapon by the defendant. Appellate counsel was deficient in failing to raise this preserved issue on appeal directly, thereby prejudicing the appellant from having the appellate court consider a potentially reversible issue.

(R.p. 27).

By Order dated March 30, 2009, the PCR judge vacated the conditional order dismissing the action and ordered that an evidentiary hearing be scheduled. (R.pp. 13-14). An evidentiary hearing was held on November 4, 2009. (R.pp. 35-93).[3] At the conclusion of the

---

[2]Petitioner raised only direct appeal issues in his petition, which the PCR court order stated were procedurally barred by S.C. Code Ann. § 17-27-20(b)(1985).

[3]The copy of the PCR Appendix filed with the Court contains underlining or markings on some pages. Respondent represents to the Court that the underlining in the copy of the PCR Appendix is as it appears in the copy served upon the State in the PCR appeal. Respondent states that he is not relying on the underlining to emphasize or detract from any particular point, but has merely provided a copy of the appendix as it was received from Petitioner in the PCR appeal. See Respondent's Memorandum in Support of Summary Judgment, p. 3, n. 2.



3

hearing, the PCR judge requested proposed orders and took the matter under advisement. (R.pp. 92-93). On February 9, 2010 (filed on February 16, 2010), the PCR Judge entered a written order denying Petitioner's APCR in its entirety. (R.pp. 1-7).

Petitioner appealed the denial of his APCR. Petitioner was represented in his appeal by James B. Richardson, Jr., Esquire, who raised the following issue:

> Did the PCR court err in finding that petitioner was not denied effective assistance of appellate counsel, where counsel failed to appeal the trial court's refusal to charge that the inference of malice from the use of a deadly weapon is rebuttable, because of appellate counsel's mistaken belief that the charge was improper or that the issue was not preserved?

See Court Docket No. 21-10 (Petition), p. i.

On May 14, 2012, the South Carolina Supreme Court granted certiorari and directed additional briefing. See Court Docket No. 21-12 (Clea v. State, Order dated May 14, 2012). After receiving additional briefing, the South Carolina Supreme Court issued an order on December 12, 2012, affirming denial of relief. See Court Docket No. 21-16. The Remittitur was sent down on December 31, 2012. See Court Docket No. 21-17 (Remittitur dated December 31, 2012).

Petitioner thereafter filed this federal habeas corpus petition, raising the following issues:

> **Ground One**: The trial judge committed reversible error by refusing to instruct the jury on the lesser-included offense of voluntary manslaughter.
>
> **Ground Two:** Ineffective Assistance of Appellate Counsel.
>
> **Ground Three:** Petitioner lacked the effective assistance of appellate counsel when counsel failed to appeal the trial judge's refusal to charge the inference of malice from the use of a deadly weapon is rebuttable where appellate counsel mistakenly believed that the charge was improper or that the issue was not preserved.

See Petition, pp. 5-8.



**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

**I.**

With respect to Ground One of the Petition, Respondent argues that this issue does not present a cognizable claim for relief in federal habeas corpus, and further argues that any type of due process claim regarding this issue is procedurally barred. In his response, Petitioner abandons this claim, states his belief that the South Carolina Court of Appeals' decision on this matter was "up held by law," and addresses only his second and third grounds. See Response to Motion to Dismiss, p. 1. Therefore, this issue has been abandoned and should be dismissed.

**II.**

In Ground Two of the Petition, Petitioner contends that his appellate counsel in his direct appeal was ineffective for failing to raise an issue on appeal challenging the malice instruction with regard to whether the inference to be drawn from use of a deadly weapon was rebuttable. This issue was raised in Petitioner's APCR, where Petitioner had the burden of proving the allegations



in his petition. Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986). The PCR court rejected this claim, making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. See Clea v. South Carolina, No. 08-CP-32-1858.

Specifically, the PCR judge found that: 1) trial counsel's objection requested additional language that the presumption was a rebuttable one, but counsel conceded when making the objection that the charge was correct that an inference from a weapon may be drawn; 2) therefore, any issue relating to appellate counsel having erred by not challenging the portion of the charge permitting the inference of malice from the use of a dangerous weapon was not preserved for appeal; 3) even if the issue had been preserved, counsel's decision to not pursue such a claim would not have been unreasonable under professional norms at the time of the appeal; 4) that after Petitioner's appeal, the South Carolina Supreme Court decided State v. Belcher, 685 S.E.2d 802 (S.C. 2009), wherein the Court noted "[i]t has long been the practice for trial courts in South Carolina, as sanctioned by this court, to charge juries in any murder prosecution that the jury may infer malice from the use of a deadly weapon"[Belcher held that a jury charge instructing that malice may be inferred from the use of a deadly weapon was no longer good law in South Carolina where evidence is presented that would reduce, mitigate, excuse, or justify the homicide]; 5) therefore, at the time of the appeal, appellate counsel could not have foreseen the change in the law, and his reasoning for not challenging the inference portion of the charge was sound under the law at that time; 6) moreover, Belcher expressly states that its ruling "will not apply to convictions challenged on post-conviction relief"; 7) that with respect to whether appellate counsel erred by not appealing the trial court's denial of trial counsel's rebuttable inference charge request, appellate counsel was not required to raise every non-frivolous issue that is presented by the record; 8) the charge as given was



correct law at the time and counsel felt that the requested charge was not a correct statement of law at the time of trial; 9) therefore, counsel opined that he chose, in his opinion, an issue which was more likely to constitute reversible error; 10) that given the law in effect at the time of the trial, Petitioner failed to demonstrate that the outcome of the appeal would have been different had the issue been raised; 11) the facts adduced at trial indicated that Petitioner first shot at Charles Jackson; 12) Petitioner testified that he believed that Jackson was about to draw a gun from a box in his truck when he fired; 13) Petitioner was acquitted of the murder of Jackson; 14) the evidence at trial was that Petitioner then fired upon James Pollard; 15) no evidence at trial indicated that Pollard was armed other than Petitioner's testimony that Pollard reached toward his waist; 16) Petitioner never saw Pollard's hands before firing; 17) Pollard was shot nine (9) times; 18) the appellate court found that the trial court correctly denied Petitioner's request for a charge on voluntary manslaughter; and 19) given the evidence, even if the additional charge was appropriate, the outcome of the proceeding would not have been different. (R.pp. 5-7).

Substantial deference is to be given to the state court's findings of fact. Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct



under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland, 466 U.S. at 698; Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)). Nevertheless, since Petitioner's ineffective assistance of counsel claim was adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 120 S.Ct. 1495 (2000). Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claim which was raised and properly exhausted in state court.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694. In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner

8



must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. After careful review of the record and the arguments presented, the undersigned finds and concludes for the reasons set forth hereinbelow that Petitioner has failed to meet his burden of showing that appellate counsel was ineffective under this standard. Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].

Petitioner contends that his appellate counsel was ineffective for failing to raise an issue challenging the malice instruction in regard to the inference to be drawn from use of a deadly weapon. At trial, the trial judge instructed the jury on malice, including that malice may be inferred from the use of a deadly weapon. (R.pp. 828-829). While Petitioner argues that the PCR court erred in failing to find that his jury instructions were unconstitutional under Belcher, as previously discussed, Belcher was decided almost two (2) years *after* Petitioner's direct appeal was final, and was not given retroactive application. Therefore, Plaintiff is not entitled to federal habeas relief on this ground.[4] Cf. Ward v. Warden of Lieber Correctional Institution, No. 11-3277, 2013 WL 1187133 at *18 (D.S.C. Feb. 15, 2003)[Finding that Belcher was not applicable because it was decided after the petitioner's direct appeal in Ward was final. Furthermore, this issue is a matter of state law and it is not the province of a federal habeas corpus court to re-examine state-court determinations of state-law questions], adopted by, 2013 WL 1187112 (D.S.C. Mar. 20, 2013); Horton v. Warden, Kirland Corr. Inst., No. 12-2668, 2013 WL 57703 at *1 n. 1 (D.S.C. Jan. 4, 2013)[discussing Belcher and finding "[t]he determination of when a change in state law becomes effective is purely a state law issue"]; Brown v. Cartledge, No. 12-139, 2012 WL 4712019 at *10

---

[4]In any event, Petitioner failed to preserved for appeal the issue of whether the inference portion of the charge was itself unconstitutional. See, discussion, infra.



(D.S.C. Aug. 23, 2012)["Because Petitioner's conviction was affirmed in 2005 and he was on appeal from denial of PCR when Belcher was decided, the change in law did not apply to his case, and the jury charge was appropriate when given."], adopted by, 2012 WL 4761433 (D.S.C. Oct. 3, 2012); Byers v. Reynolds, No. 11-20, 2012 WL 170192 at *2 (D.S.C. Jan. 19, 2012)[Finding Belcher inapplicable because it was only effective in that case forward and for all cases which were pending on direct review or not yet final where the issue was preserved, and also on the basis that it is not the province of the federal habeas court to reexamine state-court determinations on state-law questions]; Smith v. Stevenson, No. 09-456, 2010 WL 1257510 at *6 (D.S.C. Mar. 24, 2010)[Discussing Belcher and finding that construction of when a change in state law should become effective is purely a matter of state law]. Accordingly, Petitioner has not shown any ineffective assistance of counsel with respect to his claim that appellate counsel failed to raise this issue in his direct appeal. Smith, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].

Further, Petitioner has shown no prejudice, because it is clear that at the time of Petitioner's direct appeal, the charge he received was a correct charge under South Carolina law. Indeed, counsel conceded the correctness of the inference charge, asking only that the Court further instruct the jury that the inference was rebuttable. (R.pp. 837-838, 844-845). The federal courts have no supervisory authority over state court proceedings and can only correct errors of a constitutional dimension. Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997)(citations omitted)[discussing a state court's evidentiary ruling], cert. denied, 522 U.S. 1109 (1998); Ward, 2013 WL 1187133 at *18; Horton, 2013 WL 57703 at *1. The trial court found that appellate counsel's decision not to raise the "rebuttable presumption" issue on appeal because the requested charge was not a correct statement of law at the time was a reasonable decision, and that Petitioner had also failed to



demonstrate that the outcome of the proceeding would have been different if he had. (R.p. 6). Petitioner has not provided the Court with any authority on which to overturn the state court's decision, and has therefore failed to show that he is entitled to federal habeas relief on this ground. Estelle v. McGuire, 502 U.S. 62, 67 (1991)[It is not the province of a federal habeas court to re-examine state court determinations of state law questions]; Ward, 2013 WL 1187133 at *18[To obtain federal habeas relief, a state prisoner must "demonstrate that the state courts' decisions were so fundamentally unfair that they resulted in a denial of due process"].

This claim is without merit and should be dismissed. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Williams v. Taylor, 529 U.S. 362 (2000); Bell, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [Determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]; Smith, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus.].

### III.

In Ground Three of his Petition, Petitioner contends that the PCR court erred in finding that Ground Two was procedurally barred from being presented in his direct appeal and that the issue was also not supported by the relevant case law at the time of trial or the time of the appeal. With regard to the second part of Ground Three, the undersigned has already found that Petitioner is not entitled to relief. See, discussion, supra.

With regard to the procedural bar issue, the undersigned does not find any reversible error in the state court's findings. At trial, after the court charged the jury and inquired as to whether there were any additions or exceptions, Plaintiff's counsel stated:



Yes, Your Honor. The Defendant objects to the Court's charge on inferred malice and use of a deadly weapon. We believe that's the appropriate charge, Your Honor, but we believe also when that charge is given, the Court should charge that inferred malice can be rebutted by competent evidence. And we would ask the Court to recharge the jury, include a charge that inferred malice from the use of a deadly weapon can be rebutted and also if the Court's going to give the jury written jury instructions, that that be added to the written instructions, Your Honor. . . . Just, if I may, we believe the way the charge is stated impermissibly shifts the burden to the Defendant, unlawfully unconstitutionally shifts the burden.

(R.pp. 837- 838).

The trial court responded:

All right, now the jury was instructed that the State must prove beyond a reasonable doubt that the Defendant killed each of these persons with malice aforethought. The fact that the jury may infer the malice and the Court instructed the jury as to the manner in which they may infer the malice – inferred malice, in the opinion of the Court, does not shift the burden to the Defense. Further that the instruction is an appropriate instruction and will not charge them further on that point. The exception is noted for the record.

(R.p. 838).

After receiving the jury's verdict, counsel stated

Your honor, at this time while we respect the verdict of the jury, we would move for a new trial in the count involving Mr. Pollard.

The basis for our motion, Your Honor, is the Court's denial of our requested jury instructions regarding implying malice. The Court instructed the jury that malice may be inferred from the use of a deadly weapon. We objected, prior to the jury's deliberation, and requested a charge that although malice may be inferred, that the inference may be rebutted by sufficient evidence.

The Court denied that request. In light of the fact that the jury has returned a not guilty verdict on one of the counts of murder, we feel that the Defendant's prejudice by the Court's failure to give the instruction that malice, although it could be implied, that implication could be rebutted.

That's our motion, Your Honor.

(R.pp. 844-845).



12

Hence, while Petitioner's counsel did object to the malice charge, he conceded as part of his objection that the Court's charge on inferred malice and use of a deadly weapon was "the appropriate charge," and only sought through his objection to have additional language added to the charge that "inferred malice can be rebutted by competent evidence." (R.pp. 837-838). That is a different claim from a claim that the Court should not have given the inferred malice and use of a deadly weapon charge itself. Therefore, the Petitioner has not shown that the PCR judge erred in finding that any issue relating to appellate counsel having allegedly erred by not challenging the portion of the charge permitting the inference of malice from the use of a dangerous weapon had not been preserved for appeal, and this claim is without merit. Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999), cert. denied, 528 U.S. 959 (1999)["In order to avoid procedural default, the 'substance' of [the] claim must have been 'fairly presented' in state court . . . . That requires 'the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick.](quoting Townes v. Murray, 68 F.3d 840, 846 (4th Cir. 1995)(quoting Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994)).

Finally, even assuming arguendo that this issue is not procedurally barred (whether because the PCR court erred in this finding or because the Petitioner could show cause and prejudice for his default), the undersigned has already addressed the fact that, based on South Carolina law at the time of his trial and direct appeal, he has failed to establish a federal claim which would entitle him to relief. See State v. Belcher, supra; Ward, 2013 WL 1187133 at *18; Horton, 2013 WL 57703 at *1 n. 1; Brown, 2012 WL 4712019 at *10; Byers, 2012 WL 170192 at *3; Smith, 2010 WL 1257510 at *6. Therefore, this claim is without merit.



## **Conclusion**

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that this petition be **dismissed**.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

October 17, 2013
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

