UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Reginald Tyrell Clea, | ) | C/A No. 9:13-817-JFA-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Warden of Kirkland Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Reginald Tyrell Clea, is an inmate at the South Carolina Department of Corrections. He brings this action under 28 U.S.C. § 2254 challenging his 2005 state court convictions for murder and possession of a weapon.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and finds that the respondent's motion for summary judgment should be granted.[2] The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

The petitioner was advised of his right to file objections to the Report and Recommendation, and he filed objections thereto. The court has conducted a *de novo* review of the objections which will be discussed herein.

The Report and Recommendation recites the factual and procedural background giving rise to this action. Briefly, a jury found petitioner guilty of murder and a weapons charge and was sentenced to thirty years and five years concurrent. He filed a direct appeal of his conviction raising the issue of whether the trial court erred in refusing to instruct the jury on the less included offense of voluntary manslaughter. On December 14, 2007, the South Carolina Court of Appeals affirmed his convictions and dismissed the appeal.

Petitioner, through counsel, then filed an application for post conviction relief (PCR) contending that the trial judge erred in giving the jury a burden-shifting instruction and failing to instruct the jury on the lesser included offense; and that the State failed to prove beyond a reasonable doubt that the petitioner did not act in self defense. The State issued a conditional order to show cause why the PCR should not be dismissed as procedurally barred as they were only direct appeal issues. The petitioner filed an amended PCR raising claims of ineffective assistance of appellate counsel. The court then held an evidentiary hearing on November 4, 2009 and later denied the amended PCR.

On May 14, 2012, the South Carolina Supreme Court granted certiorari and directed additional briefing. Ultimately, the Supreme Court affirmed the PCR court's denial of relief and the remittitur was sent down on December 31, 2012.

The present § 2254 petition was filed on March 27, 2013. Therein, petitioner raises three Grounds for relief:

(1) trial judge committed reversible error by refusing to instruct the jury on the lesser-included offense of voluntary manslaughter;

(2) Ineffective assistance of appellate counsel; and

(3) Ineffective assistance of appellate counsel when counsel failed to appeal the trial judge's refusal to charge the inference of malice from the use of a deadly weapon where appellate counsel mistakenly believed that the charge was improper or that the issue was not preserved.

*Ground 1*

Petitioner, in his response in opposition to the respondent's motion for summary judgment, abandons Ground 1. Accordingly, it is dismissed.

*Ground 2: Ineffective Assistance of Appellate Counsel*

In Ground 2, petitioner contends that in his direct appeal, appellate counsel was ineffective for failing to raise an issue on appeal challenging the trial court's malice instruction with regard to whether the inference to be drawn from the use of a deadly weapon was rebuttable. Petitioner argued that the PCR court erred in failing to find that the trial court's jury instructions were unconstitutional under *State v. Belcher*, 685 S.E.2d 802 (S.C. 2009).

In rejecting this claim, the PCR court found that appellate counsel could not have foreseen the change in the law in *Belcher*, which was decided two years after petitioner's direct appeal and was not given retroactive application. The Magistrate Judge reviewed the

3

PCR court's decision under the standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984), and finds that petitioner has failed to show any ineffective assistance of counsel with respect to his claim that appellate counsel failed to raise this issue in his direct appeal, nor has he shown any prejudice. Moreover, the issue is a matter of state law and it is not in the province of a federal habeas corpus court to re-examine state court determinations of state law questions.

The Magistrate Judge has carefully reviewed the record and the PCR court's conclusion that there was no error or prejudice in appellate counsel's decision failure to raise an issue challenging the trial court's malice instruction because it was a correct charge under South Carolina law at the time. Moreover, it is not the province of a federal habeas court to reexamine state court determination of state law questions. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

The Magistrate Judge notes that under 28 U.S.C. § 2254(e)(1), the factual findings by a state court shall be presumed to be correct and that the petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence, which the petitioner has not done. Under the standard set out in *Williams v. Taylor*, 529 U.S. 362 (2000), the Magistrate also opines that the PCR court's findings are not contrary to, nor did the decision involve an unreasonable application of clearly established Federal law, nor did the decision result in one that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

This court agrees with the Magistrate Judge's recommendation that Ground 2 is without merit and should be dismissed.

*Ground 3:*
*PCR Court Erred in Finding Ground 2 was Procedurally Barred*

In this Ground, petitioner contends that the PCR court erred in finding that Ground 2 (appellate counsel was ineffective for (a) failing to raise an issue on appeal challenging the malice instruction) was procedurally barred from being presented in his direct appeal; and (b) that the issue was not supported by the relevant case law at the time of trial or at the time of the appeal. The Magistrate Judge has already found herein that petitioner is not entitled to relief as to part (b) on the *Belcher* issue.

With regard to the procedural bar issue, the Magistrate Judge finds no reversible error in the state court's findings. As the Magistrate Judge notes, while petitioner's trial counsel did object to the malice charge, he conceded as part of his objection that the trial court's charge on inferred malice and use of a deadly weapon was appropriate and that counsel only sought to have additional language added to the charge that inferred malice could be rebutted by competent evidence. The Magistrate Judge concludes that such a claim is different from his claim in Ground 2 (that the court should not have given the inferred malice and use of a deadly weapon charge itself).

Regardless of the procedural default in this court on the issue, the Magistrate Judge has already addressed the fact that based on South Carolina law at the time of petitioner's trial and direct appeal, petitioner has failed to establish a federal claim which would entitle

him to relief. This court agrees with the Magistrate Judge that Ground 3 is without merit.

The court has conducted a *de novo* review of the petitioner's objections and finds them duplicative of the issues raised before and addressed by the Magistrate Judge in his Report. As such, the petitioner's objections are overruled.

## CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Thus, the Report is adopted and incorporated herein by reference. Accordingly, the § 2254 petition is denied and the respondent's motion for summary judgment (ECF No. 20) is granted.

IT IS FURTHER ORDERED that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[3]

IT IS SO ORDERED.

March 25, 2014
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner has failed to make "a substantial showing of the denial of a constitutional right."